**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Herwin Melchor-Roman,
Petitioner,
v.
Eric Rokosky, et al.,
Respondents.

No. CV-26-04764-PHX-SPL

**ORDER**

This action under 28 U.S.C. § 2241 challenges Petitioner's immigration detention. It raises an issue that has been the subject of extensive litigation in recent months—whether 8 U.S.C. § 1226(a), which contemplates a bond hearing, or 8 U.S.C. § 1225(b)(2), which mandates detention, applies when Immigration and Customs Enforcement (ICE) apprehends an alien who entered the United States without inspection, never formally applied for admission, and has been living in the United States for years or decades. Petitioner also challenges his warrantless arrest by ICE officials. The Court will grant the Petition and order Petitioner's release.

Petitioner arrived in the United States as a four-year-old minor and has resided in the United States since January 2001. United States Citizenship and Immigration Services first granted Petitioner Deferred Action for Childhood Arrivals on June 2, 2022, and later renewed this status on October 15, 2024. On May 16, 2026, police officers investigating allegations of shots fired, asked all persons in the area for identification. Petitioner presented his identification. After seeing Petitioner was not a citizen, the officers contacted

ICE. Petitioner has not been charged with any crime arising from the shots fired allegation and has never been arrested for any crime. Petitioner was taken into immigration custody and placed in removal proceedings. The immigration judge found that, pursuant to *In re Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), the immigration judge was unable to consider Petitioner's bond request, and continued Petitioner's detention without an opportunity to post bond or be released on other conditions.

In his Petitioner, Petitioner contends: (1) the mandatory detention requirements of 8 U.S.C. § 1225(b)(2) are wrongfully applied to him; (2) the government's detention of him without a bond redetermination hearing violates his right to due process; and (3) his arrest by ICE violated his Fourth Amendment right to be free from unreasonable searches and seizures because he was arrested without a warrant and "Respondents fail to articulate any suspicion, reasonable or otherwise, existed particular to Petitioner at the time of his arrest." Petitioner seeks release from detention.

In their Response (Doc. 6), Respondents state they "do not oppose the request for a bond hearing pursuant to 8 U.S.C. § 1226(a)."

The Court finds that Petitioner is not "seeking admission" such that he is subject to detention under § 1225(b)(2)(A). *See Hernandez Alvarez v. Warden, Federal Det. Center Miami*, __ F. 4th ___, 2026 WL 1243395 (11th Cir. May 6, 2026); *Castanon-Nava v. U.S. Dep't of Homeland Security*, ___ F. 4th ___, 2026 WL 1123250 (7th Cir. May 5, 2026); *Cunha v. Freden*, ___ F. 4th ___, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025). Further, because Respondents do not address the Fourth Amendment issue and fail to provide any other justification for Petitioner's detention, the Court finds the argument waived. *See N-E-M-B v. Wamsley*, CV-25-00989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. Larose*, CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims

actually asserted, Respondents have conceded the claims"); *cf. Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment.").

The Court will therefore grant the Petition and order Petitioner's immediate release from custody. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

(2) Respondents must immediately release Petitioner from custody under the same conditions that existed before his detention.

(3) Respondents must provide a notice of compliance within two business days of Petitioner's release.

(4) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 13th day of July, 2026.

Honorable Steven P. Logan
United States District Judge